Michael Zoldan; AZ Bar No. 028128
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Jessica Kooi

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Jessica Kooi**, an Arizona resident, | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **ADS Foods, LLC d/b/a KFC**, a Texas limited liability company; | |
| Defendant. | **(Jury Trial Requested)** |

Plaintiff Jessica Kooi ("**Plaintiff**"), for her Complaint against Defendant ADS Foods, LLC d/b/a KFC ("**Defendant**") hereby alleges as follows:

## **PARTIES**

1. Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona.

2. Upon information and belief, Defendant is a Texas limited liability company, which is registered to conduct business and is currently doing business in the State of Arizona.

## JURISDICTION AND VENUE

3. All acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

4. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

5. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

6. Plaintiff was, at all relevant times, an employee of Defendant.

7. At all relevant times, Defendant has continuously been an employer, employing fifteen or more employees within the meaning of Title VII.

8. Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action, and therefore jurisdiction is proper.

## FACTUAL ALLEGATIONS

9. Plaintiff was formerly employed with Defendant beginning in May of 2012.

10. During Plaintiff's term of employment, a new store manager was assigned to her restaurant.

11. The Store Manager had authority to hire, fire, and otherwise make decisions with respect to the terms and conditions of Plaintiff's employment.

12. The Store Manager would frequently make sexual remarks about Plaintiff and other female employees.

13. Plaintiff would also catch him gawking at her body on a regular basis.

14. On at least one occasion, her Store Manager put his arm around Plaintiff and when she attempted to shrug him off, he fully embraced her so she could not get away.

15. Plaintiff complained to her Area Coach regarding the Store Manager's conduct.

16. Instead of preventing or promptly correcting the harassment, the Area Coach simply told Plaintiff that she had to directly confront the Store Manager herself.

17. The Area Coach further reasoned that because Plaintiff had not told her Store Manager that he was making her feel uncomfortable, it was not considered sexual harassment.

18. Approximately one week later, Plaintiff was transferred to another store.

19. Approximately one week after that, she was terminated.

20. Upon information and belief, Defendant did not take any action to address Plaintiff's complaint of sexual harassment while she was employed.

21. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

22. The EEOC determined that there is "reasonable cause to believe that [Defendant] violated Title CII when it subjected [Plaintiff] and other aggrieved female employees to sexual harassment."

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

23. Plaintiff reasserts and realleges each and every paragraph, supra, as if fully restated herein.

24. Plaintiff was an employee of Defendant for purposes of Title VII.

25. At all times relevant hereto, Plaintiff performed her job duties at satisfactory or exemplary levels.

26. Plaintiff was subjected to severe and pervasive sexual harassment by her supervisor.

27. Defendant condoned the severe and pervasive misconduct that was sexual in nature and negatively altered Plaintiff's work conditions, creating a subjective and objective hostile work environment.

28. Plaintiff suffered an adverse employment action.

29. Defendant knew or should have known of the harassment and wholly failed to take proper remedial action. Defendant's failure to prevent or otherwise properly remedy its employee's harassing behavior resulted in Plaintiff's untimely discharge from Defendant.

30. Defendant is vicariously liable for the unlawful acts of Plaintiff's supervisor.

31. As a result of Defendant's failure to prevent or otherwise properly remedy its employee's sexual harassing conduct, Plaintiff has been damaged in an amount to be proven at trial.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court order such relief as is necessary to make her whole, including, without limitation:

A. Granting a judgment requiring Defendant to pay appropriate back wages and front wages, and benefits, in an amount to be determined at trial, and prejudgment interest;

B. Ordering Defendant to make whole Plaintiff by providing the affirmative relief necessary to eradicate the effect of its unlawful practices;

C. Ordering Defendant to provide compensation to Plaintiff for non-pecuniary losses, including pain, suffering, and humiliation resulting from Defendant's conduct set forth herein;

D. Ordering Defendant to pay Plaintiff punitive damages for Defendant's malicious and reckless retaliatory conduct set forth above; and

E. Ordering Defendant to pay Plaintiff for attorney's fees; and

F. Granting such further relief as the Court deems necessary and proper in the public interest.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED December 2, 2019.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jessica Miller
14500 N. Northsight Blvd.
Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Jessica Kooi

**VERIFICATION**

Plaintiff Jessica Kooi declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*/s/ Jessica Kooi*
_____
Jessica Kooi